Cassie Springer-Sullivan - Cal. Bar No. 221506
Teresa S. Renaker – Cal. Bar No. 187800
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
Email:
cssullivan@lewisfeinberg.com
trenaker@lewisfeinberg.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SOCORRO RIOS,

    Plaintiff,

vs.

AT&T UMBRELLA BENEFIT PLAN NO. 1,

    Defendant.

Case No. C08-01000

**COMPLAINT (ERISA)**

## JURISDICTION

1.    Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction over Plaintiff's claims pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

2.    Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because Plaintiff resides in this district and the ERISA-governed plan at issue was administered in part in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

**INTRADISTRICT ASSIGNMENT**

3. This action should be assigned to the San Francisco or Oakland Division because this action arises in Contra Costa County in that Plaintiff resides in this county, and that some of plan administration and some of the breaches alleged took place in Contra Costa County.

**PARTIES**

4. At all relevant times, Plaintiff Socorro Rios ("Ms. Rios" or "Plaintiff") was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in Defendant AT&T Umbrella Benefit Plan No. 1 ("Plan" or "Defendant"); on information and belief, Pacific Telesis Group Comprehensive Disability Benefits Plan is the program within the Plan in which Ms. Rios participated.

5. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by Ms. Rios's employer, AT&T Inc. and its corporate predecessors and successors, including SBC Communications Inc. (collectively, "AT&T"). At all relevant times, the Plan provided, *inter alia*, short-term disability benefits to employees, including Plaintiff, funded by the assets of participating companies, including Plaintiff's employer, AT&T.

**FACTS**

6. From September 1988 until January 2006, Ms. Rios worked for AT&T as a customer service representative, where she handled requests for information and customer complaints regarding directory advertising, as well as prepare advertising copy sheets and billing forms. She earned approximately $24.00 per hour..

7. Ms. Rios underwent arthroscopic knee surgeries in 2001 and 2002, but by late 2005 she began experiencing increasing levels of pain due to severe osteoarthritic degeneration in both knees.

8. On January 18, 2006, Ms. Rios, on advice from her physician, stopped working due to intolerable pain, numbness, swelling, and locking of both knees while at work, making it extremely difficult for her to sit at work for more than ten minutes without painful swelling and locking of her knees. Soon thereafter, she applied for short-term disability benefits under the

Plan.

9.  On January 19, 2006, one of Ms. Rios's treating physicians, Dr. Shenoy, stated that Ms. Rios was unable to walk for more than a couple of blocks due to pain in her knees, that she had severe bilateral knee join tenderness on examination, that x-rays showed "obvious narrowing of the medial joint line and almost bone-on-bone contact on the medial compartment." He diagnosed her with severe degeneration of the bilateral knee joints, with the right knee joint more symptomatic than the left.

10. On January 25, 2006, another treating physician, Dr. Sung H. Ryoo completed an Initial Physician Statement in support of Ms. Rios's claim for disability benefits. Dr. Ryoo diagnosed her with advanced chronic degenerative osteoarthritis in both knees and chondromalacia (anterior knee pain). Dr. Ryoo stated that Ms. Rios had severe bilateral knee pain causing her to walk in an unsteady gate. He observed severe tenderness in both knees and contemplated the need for total knee replacement surgery. He stated that when the surgery was performed, Ms. Rios would require four to six months to recover before returning to work.

11. By letter dated February 3, 2006 from Stacey Vaughn of the SBC Absence and Accommodations Resource Team, Ms. Vaughn approved Ms. Rios's claim for short-term disability benefits from January 25, 2006 through February 8, 2006.

12. By letter dated February 20, 2006, Anne Bruner of the SBC Absence and Accommodations Resource Team terminated Ms. Rios's benefits effective February 9, 2006. Ms. Bruner noted stated that "Dr. Ryoo did not document observable findings that support functional deficits to a degree in which you would be unable to perform your job duties as a Customer Service Representative." Ms. Bruner did not address why Ms. Rios was entitled to benefits until February 8, 2006, but not thereafter.

13. By letter dated April 3, 2006, Ms. Rios submitted an appeal of the adverse decision to terminate her short-term disability benefits. She explained that she was disabled by pain that rendered her unable to sit continuously without swelling and locking in both of her knees, yet taking pain medication caused drowsiness that made her unable to concentrate at work. She stated that she was not even able to walk to the restroom at the other end of the building

because her knees were too swollen and painful from sitting, and that she had been reprimanded for taking too long to get to and from the restroom.

14. On April 4, 2006, Ms. Rios underwent a total right knee replacement surgery, with an understanding that she would have a total left knee replacement once she recovered.

15. On May 30, 2006, Robert Y. Pick, M.D., MPH, from Network Medical Review completed a report for the AT&T Integrated Disability Services Center ("IDSC") in which he opined that Ms. Rios was disabled between April 4, 2006 and May 30, 2006. He did not address why Ms. Rios was not disabled either before or after that time period.

16. Also on May 30, 2006, Saad M. Al-Shathir, M.D., from Network Medical Review, completed a report for IDSC in which he opined that Ms. Rios was disabled between April 4, 2006 and May 30, 2006. He stated that Ms. Rios "has no acute disabling illness from 2/9/06 to 4/3/06, or from 5/31/06 forward."

17. By letter dated June 1, 2006, Maria Alvarez from the IDSC quality review unit upheld the decision to terminate Ms. Rios's short-term disability benefits because she stated that there were no observable findings that would have prevented Ms. Rios from working from February 9, 2006 through April 4, 2006, nor after May 31, 2006. Ms. Alvarez agreed that Ms. Rios was disabled from April 4, 2006 through May 30, 2006, but stated that because Ms. Rios was not at work for the 30 days prior to April 4, 2006, she had lost her eligibility for short-term disability benefits during that time.

18. By letter dated June 2, 2006, Jose Perez of IDSC acknowledged that IDSC had received additional medical information supporting Ms. Rios's claim for benefits, but stated that he was returning that information to Ms. Rios because IDSC had already rendered a decision on her appeal.

19. On September 21, 2006, Ms. Rios underwent a total left knee replacement surgery.

20. By letter dated October 25, 2006, AT&T extended Ms. Rios's personal leave through January 1, 2007 because it determined that it had received sufficient medical certification from her treating physician extending her disability status.

COMPLAINT (ERISA)                                                                                     PAGE 4

21. By January 18, 2007, Ms. Rios had recovered from her disability and returned to gainful employment.

### FIRST CLAIM FOR RELIEF
### [Claim for Benefits Pursuant to § 502(a)(1)(B) Against Defendant Plan]

22. Plaintiff incorporates Paragraphs 1 through 21 as though fully set forth herein.

23. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

24. From February 9, 2006 through January 17, 2007, Ms. Rios was entitled to short-term disability benefits under the Plan. By denying Ms. Rios's claim for short-term disability benefits under the Plan, the Plan has violated the terms of the Plan and Ms. Rios's rights thereunder.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that Defendant Plan violated the terms of the Plan by denying Ms. Rios's claim for short-term disability benefits from February 9, 2006 through January 17, 2007;

B. Order Defendant Plan to pay short-term disability benefits to Plaintiff pursuant to the terms of the Plan from February 9, 2006 through January 17, 2007, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

D. Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

E. Provide such other relief as the Court deems equitable and just.

Dated: February 19, 2008

Respectfully submitted,

LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.

By: /s/ Cassie Springer-Sullivan
Cassie Springer-Sullivan
Attorney for Plaintiff