1  Michele Ballard Miller (SBN 104198)
   *mbm@millerlawgroup.com*
2  Katherine L. Kettler (SBN 231586)
   *klk@millerlawgroup.com*
3  MILLER LAW GROUP
A Professional Corporation
4  60 E. Sir Francis Drake Blvd., Ste. 302
Larkspur, CA 94939
5  Tel. (415) 464-4300
Fax (415) 464-4336
6
7  Attorneys for Defendant
AT&T UMBRELLA BENEFIT
PLAN NO. 1
8

9                 **UNITED STATES DISTRICT COURT**

10               **NORTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12 SOCORRO RIOS, | Case No.: C 08-01000 CW |
| 13       Plaintiff, | |
| 14 v. | **STIPULATION TO ALLOW DEFENDANT TO FILE AMENDED ANSWER TO PLAINTIFF'S COMPLAINT** |
| 15 | |
| 16 AT&T DISABILITY INCOME PLAN, | |
| 17       Defendant. | Complaint filed: February 19, 2008 |

18

19

20

21       Pursuant to Federal Rules of Civil Procedure Rule 15(a)(2) the Parties,

22 Plaintiff SOCORRO RIOS (hereinafter "Plaintiff") and Defendant AT&T UMBRELLA

23 BENEFIT PLAN NO. 1 (hereinafter "Defendant"), by and through their undersigned

24 attorneys, hereby stipulate and agree to allow Defendant to file an Amended Answer to

25 Plaintiff's Complaint, a copy of which is attached hereto as Exhibit A.

26

27

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1 | Dated:  June 3, 2008            SPRINGER-SULLIVAN & ROBERTS LLP

2

3                                                    By:  /s/
4                                                         Cassie Springer-Sullivan
                                                          Attorney for Plaintiff SOCORRO RIOS
5

6 | Dated:  June 3, 2008            MILLER LAW GROUP
                                    A Professional Corporation
7

8

9                                                    By:  /s/
                                                          Katherine L. Kettler
10                                                        Attorneys for Defendant AT&T
                                                          UMBRELLA BENEFIT PLAN NO. 1
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
**STIPULATION TO ALLOW DEFENDANT TO FILE AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**
Case No. C 08-01000 WDB

Case 4:08-cv-01000-CW     Document 21     Filed 06/03/2008     Page 3 of 15

**EXHIBIT A**

Michele Ballard Miller (SBN 104198)
    mbm@millerlawgroup.com
Katherine L. Kettler (SBN 231586)
    klk@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
60 E. Sir Francis Drake Blvd., Ste. 302
Larkspur, CA 94939
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendant
AT&T UMBRELLA BENEFIT
PLAN NO. 1

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCORRO RIOS,<br><br>              Plaintiff,<br><br>v.<br><br>AT&T UMBRELLA BENEFIT PLAN NO. 1,<br><br>              Defendant. | Case No.: C 08-01000 CW<br><br>**DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1'S *AMENDED* ANSWER TO PLAINTIFF SOCORRO RIOS' COMPLAINT**<br><br>Complaint Filed: February 19, 2008 |

Defendant AT&T UMBRELLA BENEFIT PLAN NO 1 (hereafter "Defendant") hereby amends it Answer and answers Plaintiff SOCORRO RIOS' Complaint (hereafter "Complaint") as follows:

Defendant generally denies each and every allegation in the Complaint, except those expressly admitted below.

## JURISDICTION

1. Answering Paragraph 1 of Plaintiff's Complaint, Defendant admits that to the extent Plaintiff's allegations relate to benefits sought under the Employment Retirement and Income Security Act ("ERISA"), this Court has subject matter jurisdiction. Defendant further admits that Plaintiff prays that the Court grant declaratory and monetary relief. Defendant denies each and every other allegation contained in Paragraph 1.

## VENUE

2. Answering Paragraph 2 of Plaintiff's Complaint, Defendant is without sufficient knowledge and information as to where Plaintiff resides and on that basis, denies this assertion. Defendant further denies that "omissions" gave rise to Plaintiff's claims. Defendant admits all other allegations in this paragraph.

## INTRADISTRICT ASSIGNMENT

3. Answering Paragraph 3 of Plaintiff's Complaint, Defendant is without sufficient knowledge and information as to where Plaintiff resides, and as to the alleged location of "some of the plan administration and some of the breaches" to which Plaintiff's Complaint refers, and on that basis denies this assertion.

## PARTIES

4. Answering Paragraph 4 of Plaintiff's Complaint, Defendant denies that "at all relevant times, Plaintiff . . . was a participant" in the Plan. Defendant admits each and every allegation of Paragraph 4.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

5. Answering Paragraph 5 of Plaintiff's Complaint, Defendant denies that AT&T was Plaintiff's "employer." Defendant is without sufficient knowledge and information as to which entities Plaintiff refers with respect to her allegation that the Plan is sponsored by AT&T's "corporate predecessors and successors" and on that basis denies this assertion. Defendant admits that the Plan provided for, *inter alia,* short term disability benefits, but only to the extent that "employees, including Plaintiff" were eligible for such benefits under the terms of the Plan. Defendant admits each and every remaining allegation of Paragraph 5.

## **FACTUAL ALLEGATIONS**

6. Answering Paragraph 6 of Plaintiff's Complaint, Defendant denies that Plaintiff "worked at AT&T." AT&T Inc. is a holding company with no employees. Plaintiff was employed by Pacific Bell Telephone Company ("Pacific Bell"). Defendant admits that in January 2006, Plaintiff earned approximately $24.00 per hour. Defendant admits each and every remaining allegation of Paragraph 6.

7. Answering Paragraph 7 of Plaintiff's Complaint, Defendant is without sufficient knowledge and information as to Plaintiff's alleged surgeries and symptoms and on that basis denies each and every allegation of Paragraph 7.

8. Answering Paragraph 8 of Plaintiff's Complaint, Defendant admits that Plaintiff's first day absent from work was January 18, 2006, and that Plaintiff applied for short term disability benefits under the Plan after that date. Defendant is without sufficient knowledge and information as to the remaining allegations of Paragraph 8, and on that basis denies each and every remaining allegation of Paragraph 8.

3
**DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1'S AMENDED ANSWER TO PLAINTIFF RIOS' COMPLAINT**
Case No. C 08-01000 WDB

9. Answering Paragraph 9 of Plaintiff's Complaint, Defendant admits that A. Shenoy, M.D., provided a report of an examination of Plaintiff dated January 19, 2006. Defendant admits that this report states, *inter alia,* "obvious narrowing of the medial joint line and almost bone-on-bone contact on the medial compartment." Defendant admits that the report states, *inter alia,* under "Diagnosis and Plan:" "She has severe degeneration of bilateral knee joints, right side more symptomatic than the left side." Defendant denies each and every remaining allegation of Paragraph 9, which are Plaintiff's conclusions. The document referenced speaks for itself.

10. Answering Paragraph 10 of Plaintiff's Complaint, Defendant admits that Sung H. Ryoo, M.D., provided an Initial Physician Statement dated February 2, 2006. Defendant admits that the Statement provides, *inter alia,* under "Diagnosis," "1) chronic degenerative osteoarthritis (knees), advanced, 2) chondromalacia (knees)." Defendant admits that the Statement provides, *inter alia,* under "Symptoms and concerns reported by the patient": "has had severe pain in both knees. Very hard to walk. Very unsteady gait." Defendant admits that the Statement provides, *inter alia,* under "Observed clinical findings": "severe tenderness on both knees, may need total knee replacement surgery." Defendant admits that the Statement provides, *inter alia,* under "Is the above-described plan of treatment expected to improve the patient's physical or cognitive functioning? If so, in what time frame?: If the surgery is performed, she needs 4-6 months for recovery." The document referenced speaks for itself. Defendant denies each and every remaining allegation of Paragraph 10.

11. Answering Paragraph 11 of Plaintiff's Complaint, Defendant admits that a letter dated February 3, 2006 from Disability Specialist Stacey Vaughn of the SBC Absence and Accommodations Resource Team, informed Plaintiff that her claim for wage replacement benefits was approved from January 25, 2006 through February 8, 2006. Defendant denies each and every remaining allegation of Paragraph 11.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

12. Answering Paragraph 12 of Plaintiff's Complaint, Defendant admits that Disability Specialist Anne Bruner of the SBC Absence and Accommodations Resource team notified Plaintiff that her claim did not qualify for short term disability benefits effective February 9, 2006 though return to work. Defendant admits that the letter provides, *inter alia,* that "Dr. Ryoo did not document observable findings that support functional deficits to a degree in which you would be unable to perform your job duties as a Customer Service Representative." The document referenced speaks for itself. Defendant admits that the letter "did not address why Ms. Rios was entitled to benefits until February 8, 2006, but not thereafter," as that information was not within the scope of this communication. Defendant denies each and every remaining allegation of Paragraph 12.

13. Answering Paragraph 13 of Plaintiff's Complaint, Defendant admits that Plaintiff submitted an appeal of the decision to terminate her short term disability benefits in the form of Plaintiff's letter to the "SMAART Quality Review Unit" dated February 3, 2006. Defendant admits that in Plaintiff's letter, Plaintiff claims, *inter alia,* that she "was in pain all day," that "as the condition progressed it made it extremely difficult to maintained [sic] sitting or standing for more than 10 minutes at the [sic] time," that "[b]y 9:00 am every day the knees would be too swollen and painful to even walk to the bathroom that is on the other end of the building," and "[s]ince I walked too slow, I would take longer to return to my desk and management constantly harassed me to return to my desk immediately." The document referenced speaks for itself. Admitting only that the statements Plaintiff made in her letter are set forth in that document, Defendant denies the substance of each and every remaining allegation contained in Paragraph 13.

14. Answering Paragraph 14 of Plaintiff's Complaint, Defendant admits that medical documentation provided by Plaintiff's medical care providers, including the Operative Report, reflects that Plaintiff underwent a right knee replacement on April 4, 2006. Defendant is without sufficient information or knowledge to admit or deny any

5
**DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1'S AMENDED ANSWER TO PLAINTIFF RIOS' COMPLAINT**
Case No. C 08-01000 WDB

"understanding," and on that basis denies each and every remaining allegation contained in Paragraph 14.

15. Answering Paragraph 15 of Plaintiff's Complaint, Defendant admits that Robert Y. Pick, M.D., M.P.H., a board certified orthopedic surgeon, submitted a report as an Independent Physician Advisor to Maria Alvarez of the SBC Quality Review Unit, dated May 30, 2006. Defendant admits that Dr. Pick's report states, *inter alia,* that "[f]rom 04/04/06 through to 05/30/06, Ms. Rios would have been disabled, as she was in the post-op periods of her rehabilitation, which is appropriate and standard." Defendant admits that Dr. Pick's report "did not address why Ms. Rios was not disabled either before or after that time period." The document referenced speaks for itself. Defendant denies each and every remaining allegation of Paragraph 15.

16. Answering Paragraph 16 of Plaintiff's Complaint, Defendant admits that Saad M. Al-Shathir, M.D., board certified in physical medicine and rehabilitation, submitted a report as an Independent Physician Advisor to Maria Alvarez of the SBC Quality Review Unit, dated May 30, 2006. Defendant admits that Dr. Al-Shathir's report states, *inter alia,* that Plaintiff "is disabled from her regular work from 04/04/06 to 05/30/06" and that Plaintiff "has no acute disabling illness from 02/09/06 to 04/03/06, or from 05/31/06 forward." The document referenced speaks for itself. Defendant denies each and every remaining allegation of Paragraph 16.

17. Answering Paragraph 17 of Plaintiff's Complaint, Defendant admits that in a letter dated June 1, 2006 to Plaintiff, Appeal Specialist Maria Alvarez with the AT&T Integrated Disability Service Center (IDSC) Quality Review Unit, informed Plaintiff that the Unit "determined to uphold the denial of benefits" based upon the terms of the Plan and medical documentation. Defendant admits that the letter cites the reports of the two board certified physicians, Dr. Pick and Dr. Al-Shathir, to whom Plaintiff's medical records were

6

1 referred for independent medical review. Defendant admits that, according to the letter, Dr. Pick concluded that "there was no evidence of observable medical findings that would have prevented [Plaintiff] from working from February 9, 2006 through April 3, 2006 and from May 31, 2006 to the present." Defendant admits that, according to the letter, Dr. Al-Shathir concluded that "there were no objective clinical findings to support that [Plaintiff was] incapable of working from February 9, 2006 through April 3, 2006 and from May 31, 2006 to the present." Defendant denies that "Ms. Alvarez agreed that Ms. Rios was disabled from April 4, 2006 through May 30, 2006." Defendant admits that the letter states, in part, that "[a]lthough [Plaintiff] met the criteria for disability for the period of April 4, 2006 through May 30, 2006, benefits were unable to be approved due to the Plan definition." Defendant admits that the letter states "Since you remained off work for a period or more than thirty days after the denial of your short term disability benefits claim, you were no longer considered an active employee. Therefore, you no longer met the definition of Eligible employee under the CDBP and were not eligible for disability benefits." The document referenced speaks for itself. Defendant denies each and every remaining allegation of Paragraph 17.

18. Answering Paragraph 18 of Plaintiff's Complaint, Defendant admits that in a letter dated June 6, 2006 to Plaintiff, ERISA Specialist Jose Perez with the AT&T Integrated Disability Service Center (IDSC) Quality Review Unit informed Plaintiff that the Unit "received the enclosed correspondence on June 2, 2006. Please be advised that the determination by the AT&T Integrated Disability Service Center (IDSC) Quality Review Unit on June 1, 2006, was final." The document referenced speaks for itself. Defendant denies each and every remaining allegation of Paragraph 18.

19. Answering Paragraph 19 of Plaintiff's Complaint, Defendant is without sufficient knowledge and information to admit or deny these allegations, and on that basis denies each and every allegation contained in Paragraph 19.

7
**DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1'S AMENDED ANSWER TO PLAINTIFF RIOS' COMPLAINT**
Case No. C 08-01000 WDB

20. Answering Paragraph 20 of Plaintiff's Complaint, Defendant is without sufficient knowledge and information to admit or deny these allegations, and on that basis denies each and every allegation contained in Paragraph 20.

21. Answering Paragraph 21 of Plaintiff's Complaint, Defendant admits that Plaintiff returned to work on January 18, 2007. Defendant is without sufficient knowledge and information to admit or deny whether "Ms. Rios had recovered from her disability," and on that basis denies this allegation.

## FIRST CLAIM FOR RELIEF

### [Claim For Benefits Pursuant To §502(a)(1)(B) Again Defendant Plan]

22. Answering Paragraph 22 of Plaintiff's Complaint, Defendant admits that Plaintiff realleges the allegations of her Complaint.

23. Answering Paragraph 23 of Plaintiff's Complaint, Defendant admits each and every allegation contained in Paragraph 23.

24. Answering Paragraph 24 of Plaintiff's Complaint, Defendant denies each and every allegation contained in Paragraph 24.

## PLAINTIFF'S PRAYER FOR RELIEF

25. Defendant denies the allegations contained in Paragraph A of Plaintiff's prayer for relief, and denies that Plaintiff was injured or damaged in any sum, or at all.

26. Defendant denies the allegations contained in Paragraph B of Plaintiff's prayer for relief, and denies that Plaintiff was injured or damaged in any sum, or at all.

27. Defendant denies the allegations contained in Paragraph C of Plaintiff's prayer for relief, and denies that Plaintiff was injured or damaged in any sum, or at all.

28. Defendant denies the allegations contained in Paragraph D of Plaintiff's prayer for relief, and denies that Plaintiff was injured or damaged in any sum, or at all.

29. Defendant denies the allegations contained in Paragraph E of Plaintiff's prayer for relief, and denies that Plaintiff was injured or damaged in any sum, or at all.

## **AFFIRMATIVE DEFENSES**

For and as a separate and affirmative defense to each and every claim for relief set forth in the Complaint, Defendant alleges as follows:

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

Plaintiff's Complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Not Eligible for Benefits)**

Plaintiff's claims are barred in that Plaintiff is not eligible for benefits under the terms and conditions of the applicable disability plan.

### THIRD AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant's actions or statements were based upon good, sufficient, and legal cause, upon reasonable grounds for belief in its truth and justification, and were taken or said in good faith and without malice.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

Plaintiff, by her acts and omissions, has waived and is estopped and barred from alleging the matters set forth in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Defendant alleges that Plaintiff is barred from any relief by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff has failed to mitigate the damages alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

Any award of benefits to Plaintiff should be offset by any other earnings, benefits and/or income received by Plaintiff (including but not limited to disability benefits, workers' compensation benefits and/or settlement monies, unemployment benefits, pension benefits, and/or benefits from the Social Security Administration or the State of California), and/or should be offset by any damages caused by Plaintiff to the Defendant, including any unjust enrichment to Plaintiff by virtue of fraud.

## EIGHTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

Defendant is entitled to its attorneys' fees pursuant to 29 U.S.C. § 1132(g) and/or Rule 11(c)(2), Federal Rules of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

### (Conduct In Accordance With the Plan)

Defendant and its agents at all relevant times acted and conducted themselves in accordance with the documents and instruments governing the Plan insofar as such documents and instruments were and are consistent with the provisions of ERISA.

Defendant has not yet completed a thorough investigation and study or completed discovery of all acts and circumstances of the subject matter of the Complaint, and, accordingly, reserves the right to amend, modify, revise or supplement this General Denial, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of said investigation and study.

THEREFORE, Defendant demands judgment in its favor, costs of suit, and attorney's fees, and all other proper relief.

Dated: June 3, 2008

MILLER LAW GROUP
A Professional Corporation


By: _____/S/_____
Katherine L. Kettler
Attorneys for Defendant AT&T
UMBRELLA BENEFIT PLAN NO. 1.